and Federal Retirement Systems of the City of Detroit v. AxoGen, Inc. Good morning, Council. Good morning, Your Honors. Mr. Berger? Yes, Your Honor. You want to have 12 minutes for your main argument and save three for rebuttal? Yes, Your Honor, thank you. Thank you. Good morning, Your Honors, and may it please the Court. In 2017 and 2018, AxoGen sold shares of its common stock to investors in two public offerings, raising $141 million. AxoGen's products are used in surgeries to treat peripheral nerves. In the registration statements and prospectuses that AxoGen used to sell this stock, AxoGen made specific representations about two matters that were critical to investors' assessment of their business and prospects. The first thing that AxoGen said was about the number of injuries each year to peripheral nerves and the resulting number of extremity nerve repair procedures conducted in the United States also each year. Second statement, the company said what the basis was for those numbers that it gave to investors. It cited three studies. This appeal only concerns those two statements. Plaintiffs have asserted claims under Section 11 of the 1933 Securities Act for the falsity of those statements. Originally, Your Honors, can I confirm before you continue that you've dropped really all your allegations of fraud, correct? Correct, Your Honor. That is correct. So that what this case does not concern is Section 10b. It does not involve Scienter. We haven't pursued those claims. It doesn't involve the materiality of the statements. That was not an issue in the district court. It's clear that the statements that we've challenged were material and it really doesn't involve whether the statements actually were false or not. As we pled in the complaint, a myriad of facts showing that the statements about the number of procedures in the United States each year were false and that the support, supposed support, for those statements in fact didn't support them. So about the each year statement, I mean, I can see, I see your argument that when I say, you know, I come to Jacksonville each year that I'm both saying something about what I've done and I may be also saying, you know, I'm coming this year. I intend to come in future years. But we said in Carvelli that when there's kind of like a mixed statement like that, you just look at it as going forward, a forward-looking statement. How isn't this kind of like a mixed statement, the use of the phrase each year? Your Honor, with all respect, I think what the court said in Carvelli is if you have a mixed statement that includes a statement of present fact and a statement of a future expectation, the court is supposed to parse it and apply, the safe harbor would apply to the forward-looking part. But the non-forward-looking part doesn't get the protection of the safe harbor. I think that's what the court said in Carvelli. The issue in Carvelli was that the challenge was to an But here we can parse it. So how do we parse it, I guess? That's my question. It looks like the phrase each year is both past and forward. How do you parse that? Correct, Your Honor. And the district court said in its decision that each year, if you're having an offering in the middle of the year, you don't know what's going to happen for the rest of the year. Fair enough, although I have a little point I want to make about that. But we parse it because there's a statement about past years. And that was important to investors. The company didn't say this year we expect 700,000 procedures or next year we expect. They said each year in the United States. And why was this important in 20, they did an offering in November of 2017 and in May of 2018. So even if the 2017 offering, there could be some issue. In 2018, where they made the same statement, each year in the United States, investors were like, okay, you told us that last year in November. Now you're telling us in May when 2017 is finished. So obviously, you must be saying there were this number of procedures in 2017 because now you're saying it again in 2018 in May. It's only logical. It's the only way that could be understood. Secondly, Your Honors, there was the statement that we've challenged about the basis for those numbers. They said that those numbers were based on three studies, epidemiological studies and Can I ask you a question regarding that? Because it seems to me since you've disclaimed all allegations of fraud, you really then have you're proceeding under a theory that the opinions embedded in these two statements contain untrue statements of material facts. So can you expand on what the untrue statements are? Yes, Your Honor. If I can, Your Honor, there are two separate issues. Whether the statement was a forward looking statement and then whether it's an opinion. I think Your Honor is getting to whether this statement was an opinion. But I also have to show me how it's an untrue statement. Correct. So the untrue statement with respect to those sources is that those sources do not support in any way the statement about the number of extremity nerve injuries each year, 1.4 million, and they do not support that there were 700,000 repair procedures in the United States. Those studies don't support it. We cited many, many facts that show that that's the case. In any event, that's a fact question that ought not to have been decided, and I don't believe was decided in the district court as to whether those studies in fact support the claim is a fact question. But we've pled plenty of facts that show that the studies did not support the claim. To answer this fact question for me, so the Supreme Court against oxygen, nothing like that. Omnicare? Omnicare, sorry. Yeah, not even close was I. Omnicare said that when you use we believe and, you know, kind of a phrase like that, that that suggests it's an opinion. I think, am I right that all but two of the times that these statements were used, it was couched in we believe? Am I right about that? That is correct, Your Honor. Okay, what do we do with that? Two things. First of all, it's our contention that just by putting the words we believe in front of a fact statement doesn't get you the protection that opinions get, the Supreme Court said in Omnicare and in other cases. If that were the case, all an issuer would need to do was put we believe in front of everything that it wanted to say in an offering document, and then it would be immunized. But isn't that what the Supreme Court Omnicare in Justice Kagan's opinion, where she had a discussion about the difference between an opinion and a fact, and the coffee is hot. I think the coffee is hot. I mean, when you couch things in we believe or we think, the inference is there's a difference between a statement of fact, which is what you need to prove versus an opinion, which is what the difference is here. That's correct, Your Honor. We believe that there's a difference between saying something is hot or the best or the biggest or then saying there are 700,000 procedures in the United States that there's a difference. But Your Honor, let me just say that even if Your Honor is correct about this, we have satisfied the legal standard that the Supreme Court put forth in Omnicare to and it's what the Supreme Court said and this court also affirmed in the Carvelli case just a few years ago that there are two ways that a plaintiff can challenge a statement of opinion in a prospectus. One, if you allege that the maker of the statement didn't actually hold the opinion. We're not saying that here. Or if the statement of opinion contained an embedded statement of fact supporting the statement that was untrue. The Supreme Court clearly said that and this court said it in Carvelli. Didn't the Supreme Court also say that section 11 does not allow investors to quote second guess inherently subjective and uncertain assessments or does it and insurers and issuers opinions? That is correct, Your Honor, but we're not second guessing here. What we are saying is that this was a very specific statement. 700,000 peripheral nerve repair procedures in the United States each year and they said there is support for this. The embedded statement of fact that supports that opinion are the sources. They said these are the sources that support this opinion and those sources not only do not support the opinion they actually undercut the opinion and the Supreme Court was clear in this court in Carvelli was clear is if the speaker has information that contradicts or undercuts the embedded statement of fact that is actionable and we have pled that here. So we believe that we have satisfied the Supreme Court's standard in Omnicare and the Supreme Court also said in quoted by Your Honor that investors have the right not to expect baseless off-the-cuff judgments in registration statements and even more so they have the right to expect that when a company that is the expert in this area makes a very specific statement that and gives you a source for it that there is a basis in that source. Investors have a right to expect that and we've alleged facts in this case that show that those statements and the sources were not true. Can you go back to the forward-looking issue for me and just address this so it's my understanding and correct me if I'm wrong it's my understanding that these statements as far as being written in the prospectus were written in the section about sort of anticipated market share and you know they were couched as you know these are predictions they were going forward forward-looking. What do we do with the context of the statements appearing in that kind of sort of predictive section of the prospectus? Your Honor is correct I believe most if not all of the statements were in the section talking about their market. That's one of the reasons why they were important to investors but Your Honor a company can't say we have a great market and the basis for our market is that there are this many procedures that go on in the United States and if in fact that's not true and we've shown here we've pled that there not only there weren't 700,000 procedures there were perhaps 20,000 procedures. That's material information to investors that they would want to know and evaluating the context in that paragraph in evaluating the company's statements about its market. It's a completely different circumstance if a company says we have a two billion dollar market but there are only 20,000 procedures done in the United States each year then if a company says we have a two billion dollar market and there are 700,000 procedures done in the United States. I guess my question and just and all the statements aren't in that context but some of them are and I guess my you know in context it just seems like what the what the prospectus is saying is hey we're making this prediction this is sort of a predictive exercise this is what we anticipate. I guess should we not care at all about the fact that these statements occurred in that context? Well Your Honor I think that when Congress put in place the 33 Act it took it took the buyer beware pre-existing state of affairs and put the onus on a company that is selling its stock to the public to be honest and forthright including with respect to the basis for its market projections including for the basis for what it was saying here about the number of surgeries in the United States that it was going to be addressed able to address in its market. Thank you Your Honor. I think the rest of my time is for rebuttal. You have time for rebuttal. Thank you very much. You have three minutes remaining. Thank you. Mr. Jay. Thank you Your Honor. May it please the court I'm William Jay for the appellees. I'd like to just step back to first principles because forward-looking statement is a defined term and I'd like to take the court back to the text of the definition of forward-looking statement because it's we're not talking colloquially about what's forward-looking. There's a four-prong definition in the statute. I think two of those prongs are relevant here because what Axsigen said in the documents that are being challenged one it described its market and as I think the colloquy with Judge Brasher and my friend on the other side brought out the market is is an inherently anticipatory future-oriented statement that falls squarely under B a statement of the of the definition. Now I understand that my friends have said we're no longer challenging the statements about market but here's why that's important because prong D of the definition says that any statement of the assumptions underlying or relating to any other forward-looking statement is itself a forward-looking statement. So I think that's the most straightforward way to deal with a number of the things that our friends on the other side have said this morning which is that when you have the market and the issuer expressly says that this is based on an estimate and the estimate is here the number of procedures for example that is plainly a statement of the assumptions underlying the forward-looking statement about its market. That's the most straightforward way in which this this is a forward-looking statement. It's clearly called out for the investing public that the documents say that forward-looking statements will be such as we believe or we estimate and all of the statements are hedged with that with that language. Just a kind of housekeeping point there's a footnote in my friend's reply brief footnote three that suggests that there that language doesn't appear in conjunction with all of the statements. I think that's incorrect if you look at the underlying registration statement it refers to estimates in in the passage that's being quoted there but ultimately that doesn't matter because although it's helpful that they are identified as estimates what matters is the paragraph begins this is to judge Brasher's point about context this paragraph begins by saying that the market assessment is based on what's what's going to come next and then it concludes at the at the end of that paragraph and I'm just looking for example at the 10k from 2016 it concludes you know as a result you know having having gone through this whole analysis as a result Axogen estimates that the market sizes are a b c and d. So the content of that paragraph has gone through the company's estimates. Now one thing that the other side has urged on the court is the idea that this is just a simple counting exercise there's no opinion there's no estimation there's no judgment it's just a simple counting exercise about the number of procedures that occurred that's just not correct and I think that the articles themselves that are incorporated in the that are referred to in the relevant passage of the 10k make that clear because there's an element of judgment inherent in which procedures or which injuries involve peripheral nerve injury. I think that's well illustrated by the fact that the Seligman report and the expert firm that the plaintiffs retained came up with different numbers about how many peripheral nerve injuries there are. It doesn't matter which one is closest to the actual number the point is that this is not knowable by looking at for as it would be if the company were talking about its own financials the company said here's how many widgets we sold last year that's the kind of thing that goes in your audited financial statements and that you can't subject to the forward-looking statement analysis but when you are estimating something about the entire market not just what oxygen is currently selling to but what its competitors are selling to and what nobody is selling to the kind of untapped market that is absolutely an estimate and the judgment that a company makes about how large that potential market is you know reflects assumptions this I think well illustrates why there's protection for forward-looking statements including the assumptions that underlie it and that is because it is helpful for the investing public to hear from management about what they think their potential market is and on what they base that assumption. Congress in passing the PSLRA recognized that it would be helpful to immunize management for the content of those statements in case they did not come true because it's may I ask you a question if you relied a lot on Omnicare so I'd like to talk a little bit about opinions so these statements that since your opposing counsel has already agreed that they're not pursuing any allegations that there was fraud or material misrepresentation does he not have to show these were opinions that there was there is an untrue statement of material fact in this opinion so if we're if we're out of forward-looking statement and we're just we're just talking about let's assume that we're out of forward looking and we're just doing dealing with Omnicare that's right and so in terms of you're you're correct your honor so the uh I think the quote that uh you read to my friend from Omnicare has to do with the language about inherently subjective and uncertain uh and this is this I think is a uh is a good illustration as you know my friend says that the number of procedures or the number of injuries you know that's not because aren't those really subjective estimates on on their experts part as well exactly nobody knows the act the exact number and in producing an estimate reasonable people can come to reasonable disagreements about what the right right way to estimate it is the reason is because what you put into your estimate what assumptions you make what nerve injuries you count you know uh what uh what adjustments you make to the underlying facts that all goes into why it's an estimate and didn't Omnicare um in in the in the opinion have a discussion about the fact that what is held to be a violation of the act is a um an untrue statement of material fact because it only makes it a violation if it's a statement of fact not just a statement because a statement could mean an opinion or a fact right only a statement of facts can be actionable uh that's absolutely right now of course some statements of fact are immunized by the safe harbor separately so those are independent pathways uh to affirm the district court's decision that if it's an opinion it's not actionable period and you know our friends on the other have tried to uh raise a disagreement with the opinion by saying essentially it the basis for the opinion was bad we disagree with the way in which you've used the sources and so your estimate was not really based on these sources it's still an estimate based on uh based on the cited sources i understand that our friends disagree with it but that's because they disagree with the assumptions that uh the company made based on the data and of course the company is telling the investing public that these are the sources from which we are drawing our estimate that the investing public can make its own judgment you know based on whether they agree with that especially because this is you know hedged around hedged about with the warnings that it's a forward-looking statement uh and uh in particular uh that it is an estimate so how do you distinguish i think you just touched on this but distinguish this um statement from the kinds of statement that uh say an opinion and then have some kind of like couch factual statement embedded in the opinion then that's actionable distinguish what we've got right now so here i don't think we have such an embedded factual statement so i think that's my distinction that the the statement itself is that there is this is our estimate and that our you know our estimate is based on these uh based on these articles now i want to be clear it's not saying that our estimate we're quoting the estimate from these articles or that these articles say the same number that is not at all what the disclosure says it says that the estimate is based on these articles but which i what i think is clear is that uh there's some uh some judgment involved in that and i thought i thought that's where you would go i guess the the conceptual problem i'm having with that is that that seems to address the truth or falsity of the statement itself right you're kind of saying well look our statement wasn't that these articles necessarily you know meant that this was the number of operations a year um isn't that about the truth or falsity of it not whether it's an opinion well i don't think so for a couple of reasons i mean like the only thing that i think that could be challenging would be whether the estimate is based on in other words like subjectively did the company base its uh base its estimates on these articles or is it lying about the basis that it uh that it used now you heard my friend agree that they are not arguing that there is actual knowing falsehood in these documents and i think that was really the only way they could confront that but by saying that the statement that the estimates are based on these documents and have to be alleging that that's a direct knowing falsehood by the company that they've said several times over that they're not making that argument they're not and they uh the district court in applying the forward-looking statement safe harbor said that because they have not alleged a knowing falsehood which is one way to deal uh one of the ways in which you get the safe harbors protection is it's a forward-looking statement and there's no allegation that it's a knowing falsehood and that that the district court said on that basis and others it was dismissing under the safe harbor i think i think i understand in your position on this i just to clarify just so if if the you know just give me let me just give you a hypothetical i mean if the statement had said you know we believe that there are this many operations uh each year based on the following articles and it just cited some completely random articles about you know i don't know the russian invasion of ukraine that were totally unrelated your position would be that's still an opinion but perhaps it it would fit under the exception for an opinion that's just just a subjective lie because there was just no way that those articles would have supported or something like right the first of the two uh ways to uh that opinion can be actionable under uh under omnicare is if the speaker does not subjectively hold the opinion right and yeah that is not an issue here but i think in the circumstance that you're hypothesizing uh that's what the that's the route the plaintiff would have to uh to go through i mean there could still be if you had a if you cited a uh a report okay that nothing to do with it or that the numbers that were cited were completely opposite to the statement that was being made in the in your client's perspectives that would be actionable i don't want to i want to make sure i understand your uh your question your honor so it might be actionable if the company did not subjectively believe based on this correct i mean the assumption is the assumption is is that they know that they're just attaching this to attach a report but they know that it's in fact not true it doesn't support what they're what they're stating in the in the uh in the in position i think that that's basically right and the but the reason that that's a very narrow pathway is that both the forward-looking statement safe harbor and the reason that opinion is not actionable is that the securities laws especially this part of the securities laws which creates strict liability for false statements is not meant to be uh making good faith judgments uh the basis for liability uh so in other words if there's room for reasonable disagreement that's not actionable under the securities laws uh the uh you know what omnicare makes clear is that uh saying i know this is your opinion but you shouldn't have this opinion this is a dumb opinion i disagree with your opinion none of those is a basis for liability and and so you know the hypothetical that your honor's question gave i think you know without a subjective falsehood allegation i think you'd run into the uh uh the very reason why we protect opinion statements and they're not actionable under the 33 act one one last question i have for you is is uh these two routes the district court addressed the um forward-looking statement issue um kind of as the primary issue and then the opinion issue is kind of a subsidiary issue does it matter from purposes of statutory construction or for any other reason um if we were to affirm which which one no it does not i think the district court regarded them correctly as alternatives and then even within forward-looking statement there were i had two alternative grounds one there's meaningful cautionary language and two there's no allegation of knowing false falsehood so no i think you can affirm on either of those grounds and of course we have the uh the statute of limitations as well as a third alternative um i in case you do decide to address the forward-looking statement point i do want to kind of follow up on your colloquy with my friend about carvelli uh because uh on that on the question whether uh when you have something that joins sort of two things together you know my friends as well that there's a you know if there's a segregable piece then that's uh about the present well then that's actionable and that's part of carvelli right but there's also the part of carvelli that discusses a statement that's sort of part present part future like we will continue to provide strong servicing results was the example and the the court recognized in carvelli that uh that inherently says we are currently providing strong servicing results and it gives that as an example of a statement that although it's about the present it is protected by the safe harbor and i think carvelli it's that i raised about a statement of the assumptions underlying or relating to another forward-looking statement so to be clear we think that the the statements are forward-looking under under that passage of carvelli but if you wanted to go beyond carvelli the that provision of the definition i think is the important one to look at because it's not just about whether something is colloquially about the future these assumptions are rolled into the same for the safe harbor for exactly the reason that the investing public wants to hear from management about what their understanding about the future is taking it you know with for what it's worth and they'll want to understand what the assumptions are that go into that opinion unless the court so do we need to do we need to reach the forward-looking statement or can we decide this case based on omnicare and whether or not this is an opinion you can decide this case on the latter basis there are there are true alternatives uh there there's nothing uh there is no statement that is uh that would be left out if you affirmed based on omnicare uh we think you could do it uh it would do the whole case in either direction or kind of on on either ground thank you thank you your honors um your honors um briefly uh two points one about forward-looking statement and one about opinions with respect to forward-looking statements um i'd just like to read to the court what this court said in card valley it said to the extent that a lengthy statement includes distinct present tense and forward-looking components it makes sense to afford safe harbor protection to the forward-looking portion if applicable and then evaluate the present tense statement on its own the court then said it was joining other circuits and that the the part of the statement that refers to the present and we think that very specifically covers the statement uh that we believe that there are 1.4 million procedures um uh injuries in the united states and 700 000 procedures each year in the united states that's a statement that's both present and future i hate to interrupt you because i know you have that second point um but how is that two distinct statements i mean that's that's my concern about the forward-looking issue with carbelli is it seems like we certainly said that when there's a distinct statement that's not forward-looking that you can analyze that as a non-forward-looking statement but it just seems like we have one statement here your honor that's a statement actually i don't think that's forward-looking at all when you say each year something happens the only way common sense people understand that is it's been going on for a while that's what it means if if it was just this year they they would have and should have said just this year the only reasonable way to read that we believe is that it is not a forward-looking statement okay so if it's good i think that's a great point the the going on for a while is one of the things that's been giving me pause on this which is how would it be falsifiable if we look at as a sort of a statement about the present or the past right do i do i falsify that statement by just showing that one year in the past there weren't this number of procedures your honor when they offered the stock in may of 2018 we would show it was false for 2017 and that's the double point i made earlier about having done the offering in 2017 and then in 2018 if i might your honor just get briefly to the point that the points of the court have raised again with with apologies just quoting what this court said in carvelli about statements of opinion a speaker may be liable if the supporting fact she supplied were untrue that was quoting from omnicare so if a ceo states that we believe our product which contains state-of-the-art gadget is the best on the market she can be liable if she knows that product actually contains a refurbished gadget in other words if the embedded statement of fact here the gadgets newness is false when they said there were 700 000 procedures each year and then right after that same sentence not even a period cited three studies that was the embedded statement of fact those studies support what we're telling you about the number of procedures each year and they did not and you're always just responding to something the court said um this is actually worse than if there were random studies about uh what was going on in the ukraine side this is worse because there's an aura of expertise that is associated with that and the company telling you we have these studies those studies if your honor look at the complaint we've shown that those studies actually so you can wrap up your time as you're out over your time appreciate it your honor we've addressed this in the briefs thank you very much unless the you